United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50434
Summary Calendar

DAVID MICHAEL SCHELLHAAS, Etc.; ET AL,

                                    Plaintiffs,

RONALD G. SPARKS, person of inherence, a res/persona ficta,

                                    Plaintiff-Appellant,

versus

UNITED STATES GOVERNMENT, Jure Gestionis; FEDERAL BUREAU OF
PRISONS, a fiduciary-agency; HARRY LAPPIN, Director, Bureau
of Prisons, a fiduciary-agent,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-461-LY
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ronald G. Sparks, federal prisoner # 94370-011, appeals the

dismissal without prejudice pursuant to FED. R. CIV. P. 12(b)(6)

of his federal civil complaint in which he alleged, with the

benefit of liberal construction, that prison officials at the La

Tuna Federal Correctional Institution breached their "contract"

with him under the Administrative Procedures Act (APA), the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Constitution, the Lieber Code, the Ethics in Government Act, and numerous other statutes, by falsely alleging that he had violated a prison disciplinary rule.

Sparks does not specifically challenge the district court's dismissal of his complaint as moot. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Sparks has not challenged the basis for the district court's dismissal of his complaint, he has abandoned the issue, and this court need not further address it. See Brinkmann, 813 F.2d at 748.

Sparks's challenge to the transfer of venue of his complaint to the Western District of Texas also fails. The district court for the District of Columbia found that the transfer of Sparks's complaint to the district court for the Western District of Texas would be more convenient for the parties and witnesses because Sparks, potential witnesses, and documents related to the suit were located within the jurisdiction of the court, Sparks's potential communications with counsel would occur in or near the jurisdiction of the court, and the proximity of the court to

Sparks and potential evidence suggested that the matter would be more quickly resolved in that court. Sparks has failed to show that the district court abused its discretion by transferring the instant case to the district court for the Western District of Texas. See Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999); Tel-Phonic Services, Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1138 (5th Cir. 1992).

Sparks also filed a "Notice of Protest" in which he argues that prison officials refused to allow the plaintiffs to communicate with one another for the purpose of preparing a joint appeal. Sparks fails to allege any harm as the result of the alleged denial of communication with his co-plaintiffs. Sparks thus lacks standing to raise this claim. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102 (1998). Accordingly, the district court's dismissal of Sparks's complaint is AFFIRMED.